*In re* LOWE

Docket No. 106915. Submitted October 13, 1988, at Detroit. Decided May 2, 1989.

Lawrence Lowe was adjudged a juvenile delinquent by the Wayne County Probate Court, Paul R. Mahinske, J., on a petition filed by the prosecutor alleging that Lowe had received and concealed stolen property with a value over $100 and that he had violated a curfew under an ordinance of the City of Detroit. Following a dispositional hearing, the court committed respondent to the custody of the Department of Social Services. Respondent appealed, claiming the court erred by failing to obtain a sentencing information report or an updated clinical evaluation prior to ordering commitment.

The Court of Appeals *held:*

Under MCR 5.943(C)(1), the probate court may consider all relevant and material evidence, including oral and written reports, at the dispositional hearing. The court rule, however, does not mandate consideration of any particular report. Respondent did not cite, and the Court of Appeals did not find, authority in support of the proposition that the probate court must consider a sentencing information report or a clinical evaluation report in a proceeding brought under the juvenile code.

Affirmed.

COURTS — PROBATE COURT — INFANTS — DELINQUENCY — DISPOSITIONAL PHASE — COURT RULES.

A probate court, at the dispositional phase of proceedings related to a juvenile over whom the court has taken jurisdiction pursuant to a petition alleging delinquency, may consider all relevant and material evidence, including oral and written reports; the court is, however, under no obligation to consider any particular report similar to those required in the sentenc-

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 29-33, 49-54.

See the Index to Annotations under Juvenile Courts and Delinquent Children.

ing of an adult convicted in criminal proceedings (MCR 5.943[C][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for petitioner.

*Ina G. Zeemering,* for respondent.

Before: HOLBROOK, JR., P.J., and SAWYER and J. M. BATZER,* JJ.

PER CURIAM. Respondent was adjudicated a juvenile delinquent for receiving and concealing stolen property with a value over $100, MCL 750.535; MSA 28.803, and violation of a curfew, pursuant to an ordinance of the City of Detroit. He was committed to the custody of the Department of Social Services until his nineteenth birthday. He now appeals and we affirm.

Prior to the filing of the delinquency petition for receiving and concealing stolen property, defendant had admitted responsibility to a prior delinquency petition that alleged possession of cocaine. See MCL 333.7401(1) and (2)(a); MSA 14.15(7401)(1) and (2)(a). At a January 7, 1988, dispositional hearing on the possession of cocaine petition, the probate court referee adjourned the matter so that the probate judge handling the receiving and concealing petition could do the disposition on both charges if he were so inclined. The referee indicated that, if the probate judge did not do the disposition on the possession of cocaine petition, respondent was to appear in front of the referee on the same day as the disposition on the receiving

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and concealing petition for disposition on the possession petition.

On February 9, 1988, the probate judge held a dispositional hearing on the receiving and concealing charge and committed the respondent to the custody of the Department of Social Services. The dispositional order in the lower court file only refers to a disposition on the receiving and concealing and curfew violation petition. It does not appear from the file that any disposition was ever entered on the possession of cocaine petition.

Respondent's sole issue on appeal is that the probate court failed to obtain a sentencing information report or an updated clinical evaluation before ordering the disposition. We conclude that respondent's argument is without merit. MCR 5.943(C)(1) provides that the probate court may consider all relevant and material evidence, including oral and written reports, at the dispositional hearing. It does not, however, mandate the consideration of any particular report. Furthermore, respondent does not cite this Court to any authority for the proposition that the probate court is obligated to prepare and consider any particular report, including a sentencing information or clinical evaluation report as argued by respondent. All authority cited by respondent refers to reports which must be considered in the sentencing of an adult criminal in an adult proceeding. See MCL 771.14; MSA 28.1144. The flaw in respondent's argument is that this case does not involve a proceeding brought pursuant to the Code of Criminal Procedure, but one brought pursuant to the juvenile code. Respondent cites no authority, nor are we aware of any such authority, requiring the preparation and use of these reports in a proceeding brought under the juvenile code. Furthermore, it is apparent from the record that

the probate court did possess some form of reports at the time of disposition as the judge did refer to the use of these reports in arriving at the disposition and counsel did acknowledge having the opportunity to read those reports. Accordingly, we conclude that respondent's argument is without merit.

We note that the record does not reflect that there has ever been a disposition on the petition concerning respondent's possession of cocaine. Accordingly, we only affirm the disposition with respect to the receiving and concealing of stolen property and curfew violation. If petitioner desires to have a disposition on the possession of cocaine petition, it may petition the probate court for a dispositional hearing.

Affirmed.